[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de DEFENDANT'S MOTION FOR ALIMONY ANDCHILD SUPPORT (#126)
The defendant has been a television producer since 1980 earning $75,000 to $100,000 annually until 1996 when she developed pericarditis. She collected disability insurance in monthly amounts of $5,200 from September, 1996 through August, 1997. She has returned to work and anticipates working on the Winter Olympics next month.
The defendant has not yet filed her 1996 income tax return for her documentation is not complete. She estimates her 1997 earned net income is $25,000 making a total net disposable income for the year, after adding the disability total of $41,600, of $66,600. CT Page 1128
Both children attend private schools. The older child's tuition is $12,600, and the younger child's tuition is $5,500.
The defendant employs a nanny who has been with the children for over four years. The nanny's salary has increased from $300 to $400 weekly.
The defendant omitted from her October, 1997 financial affidavit the $1,500 monthly payments the plaintiff was making to her on which checks he wrote "child support." The defendant crossed out that memo, claiming plaintiff was reimbursing her for use of the defendant's car. She then claimed he still owed $8,000 for this debt, but the item is also omitted from the financial affidavit filed October 22, 1997, the first hearing date. At the second and final hearing date, the defendant filed a financial affidavit listing other income of $349 weekly from the plaintiff. The more recent affidavit also omits this debt. However, both affidavits list zero net weekly wage, a statement not supported by the evidence.
The defendant's spending includes over $80,000 for attorneys, the tuitions mentioned above, the nanny mentioned, the ongoing home expenses totaling $527, $250 for food and $150 for clothing. This court concludes that the defendant's financial affidavits are unreliable. At a minimum, the court infers that the defendant has an income stream exceeding $1,000 weekly.
The plaintiff's annual salary is $120,000. He received a $8,000 bonus on December 31, 1997. His net disposable weekly income is about $1,500.
The parties' combined net weekly disposable income exceeds the maximum combined net weekly income found in the child support guidelines schedule. The court must determine an appropriate child support order, Sec. 46b-215a-2 (a). The children have always attended private school. The older child is engaged in several organized activities throughout the year costing several thousand dollars. The court has concluded that the maximum support for two children is not an appropriate "minimum presumptive level" in this case.
The court orders the plaintiff to pay the sum of $1,500 monthly to the defendant as child support. A contingent wage withholding order is entered. The defendant's motion, as it pertains to alimony, is denied. CT Page 1129
The parties have a stipulation that any order entered on this motion is retroactive to April 30, 1997. After giving credit to the plaintiff for his voluntary payments the court concludes no arrearage exists.
Harrigan, J.